## NATHAN ROBBINS ET AL.
### v.
## GEORGE J. ARNOLD.

1. FORECLOSURE—PARTIES.—It is the duty of a complainant in foreclosure to make all persons parties who have an interest in the mortgaged lands; such as subsequent purchasers of portions of the premises mortgaged.

2. DEED TO SECURE COVENANTS—RIGHT OF GRANTEE TO PERFORM COVENANTS OF GRANTOR.—Where the owner of lands gave a deed of trust thereon conditioned to pay to a third person a sum of money in case he did not, upon the coming of age of a minor child, secure her release of her interest in land sold to such third person by such grantor, the purchaser from the grantor of the lands covered by such trust deed may, upon the happening of the contingency, perform the covenant of his grantor and save his land; but he is not entitled to notice from the holder of the trust deed before the latter brings suit to foreclose. The holder of the trust deed may purchase the interest of the minor heir and reimburse himself in an action upon the deed of trust.

APPEAL from the Circuit Court of Schuyler county; the Hon. S. P. SHOPE, Judge, presiding. Opinion filed October 24, 1882.

Messrs. WHEAT & MARCY and Mr. J. N. SPRIGGS, for appellants; that facts admitted by answer are established, cited Spencer v. Otis, 96 Ill. 570.

Foreign statutes should be pleaded: Chumasero v. Gilbert, 24 Ill. 294.

Expert testimony is not competent to prove the statute of a foreign State: Hoes v. Van Alstyne, 20 Ill. 201.

In the absence of proof the common law will be presumed to prevail: Tinkler v. Cox, 68 Ill. 120.

Averments and proof must conform: Page v. Greely, 75 Ill. 100; Hall v. Towne, 45 Ill. 493; Woodworth v. Huntoon, 40 Ill. 142; House v. Davis, 60 Ill. 370.

Declarations of a grantor made before he owned the land are not binding on the grantee: 1 Phillips' Ev. * 322.

Hearsay evidence to prove pedigree is only competent when the fact is ancient and the declarant a member of the family: Swain v. Cawood, 2 Scam. 505; Leggett v. Boyd, 3 Wend. 378; Rex v. Redge, 2 Car. 5 P. 208; 1 Phillips' Ev. * 248; 1 Greenl'f 's Ev. § 103.

The deed of a minor is not void but voidable: Stout v. Merrill, 35 Iowa, 47; Heath v. West, 8 Foster, 110; Carr v. Clough, 6 Foster, 293.

When the obligee in a contract prevents performance, he releases the obligor: Taylor v. Renn, 79 Ill. 185; Marsh v. Kauff, 74 Ill. 190; The People v. Holden, 82 Ill. 101; Chitty on Contracts, * 634.

Grantees of the equity of redemption are necessary parties to a foreclosure: Gage v. Perry, 93 Ill. 179.

Messrs. Winter & Bagby, for appellees.

Davis, P. J. This was a bill in chancery, filed by appellee to obtain a foreclosure of a trust deed.

In 1851, Robert Crawford devised to Samuel Clothier and Rachel, his wife, 238 acres of land, and to Rachel Clothier alone, 400 acres, in West Virginia. Rachel Clothier died intestate in 1864, leaving her husband and nine children, of whom Eliza Clothier was the youngest. In March, 1865, Samuel Clothier sold these lands to appellee, and he then, with five of his children, who were of age, executed a warranty deed of the same to appellee, and also then agreed that he would procure conveyances from the other four children who were then minors, as they respectively became twenty-one years of age. Clothier afterward purchased lands in Schuyler county, Illinois, now in controversy in this suit, and on the tenth of August, 1865, executed a trust deed to Henry Brannen, of Lewis county, West Virginia, by which he conveyed to him certain lands in Schuyler county, Illinois, to be held by him

as trustee, and for the following purposes, to wit: That if Samuel Clothier should pay George J. Arnold four thousand and five dollars and twenty cents, upon the following conditions, that if his children, Asa Clothier, Charles Clothier, Margaret Clothier and Eliza Clothier fail, as they or either of them arrive at the age of twenty-one years, to release all their right, title and interest, in and to a certain tract of 400 acres of land lying in Lewis county, West Virginia, at the forks of West Fork river, and also all their right, title and interest, in a tract of 238 acres lying in the same county and State, on Abraham's Run, which the said George J. Arnold purchased of the said Samuel Clothier, and has paid said sum as purchase money on the said land, or any part of said sum that shall remain due and unpaid, or any part thereof, or any part of the interest accruing thereon, then the said trustee, his executors or administrators shall be authorized upon the request of the said George J. Arnold or his executors, administrators, or assigns, after giving twenty days' notice of the sale and of the time, place, and terms thereof, to proceed to sell and convey said lands; and if the said Samuel Clothier shall, at any time prior to the actual sale of said premises, procure the deed of said heirs or children as they arrive at twenty-one years of age, or pay the money with the accruing interest, or upon the failure to procure said release and such expenses as may then have been incurred under said trust, then said trust deed shall be void.

Which trust deed was duly recorded in the recorder's office of said county of Schuyler on the 10th day of August, 1865.

In 1868, Samuel Clothier conveyed the said Schuyler county lands embraced in said deed of trust to Nathan Robbins, who subsequently conveyed portions of the same lands to other persons before the commencement of this suit, to wit, Jacob Steiger and William Carter.

About the 2d of February, 1874, Samuel Clothier, having failed to obtain a conveyance from Eliza Clothier of her interest in the land in West Virginia, and having informed Arnold on Nov. 3, 1873, that Eliza had arrived at age, and a demand having been made on said George J. Arnold for her interest in money or land, he, said Arnold, purchased of her for the sum of $1,030

her said interest, and received a conveyance of the same from her and her husband.  The money so paid to obtain said interest not having been repaid to said appellee, with the accruing interest thereon, he filed his bill in chancery to obtain the foreclosure of said trust deed.

On the hearing, the court below found that the deed of trust in controversy was executed, acknowledged and delivered, and recorded as averred in the bill of complaint; that the said George J. Arnold upon being notified by said Samuel Clothier that said Eliza Clothier, who had married one David B. Hedding, had arrived at the age of twenty-one years and was demanding payment for her interest in said lands and that said Samuel Clothier was unable to pay her for her interest in said lands, and that said appellee on March 6, 1874, paid to said Eliza Hedding, *nee* Clothier, the sum of $1,030 for a release of her said interest which said price was but a reasonable and fair cash value of her said interest.  The court, among other things, found that the amount so paid by said appellee with the interest amounted to $1,462.10 and it was decreed by said court that unless said sum with interest and costs should be paid within twenty days after the date of the filing of this decree, that said lands in said county of Schuyler should be sold. To reverse this decree the appeal was taken.

It is claimed by appellants that Nathan Robbins had the right to perform Clothier's contract and thus release his land from the lien of the deed of trust; that for that purpose he was entitled to the whole time up to, and a reasonable time after the majority of Eliza Clothier in which to buy her interest as cheap as he could; that by the act of Arnold without consent of Robbins the performance of the contract was forestalled, prevented and rendered impossible, and hence Robbins and the land conveyed to him are discharged altogether. We do not so regard the rights of the parties.  No doubt Robbins could have paid to Eliza Clothier the value of her interest in the Virginia land and obtained her conveyance to Arnold of the same, and thus have released the Schuyler county land, which he had purchased subsequently to the execution of the trust deed, from the lien of the trust deed.  But Arnold

was not required to wait upon the movements of Robbins. When he was informed by Samuel Clothier that his daughter Eliza had arrived at age, and that he had lost the money he had for her, Arnold, for the protection of his own interest, had the right to purchase immediately of Eliza her interest in the lands he had long before purchased of her father. If it be true, about which there is some doubt, that at the time Eliza and her husband executed the conveyance to Arnold she was not of age, the erroneous information upon which he acted could only prejudice himself. Her deed was not void, only voidable, and if he chose to obtain her interest in the lands prematurely, he could not afterward object to the prejudice of Robbins or Samuel Clothier.

It is also claimed by appellants that Eliza's interest in the West Virginia land was not so great as supposed by Arnold, Samuel Clothier and his children. It seems that if this be so, it can make no difference in the determination of this case. Clothier settled with his children and the value of each one's interest was determined, and at the rate allowed the others, Eliza's interest would, at the time of the purchase and conveyance, have amounted to the sum paid to her. But admitting that her interest was not so great as supposed, she could not be compelled to part with it for a less sum than she was willing to accept. By the terms of the trust deed, Samuel Clothier had bound himself to procure her interest in the lands he had sold and conveyed to Arnold, and the trust deed was given to secure that obligation to the amount of four thousand and five dollars and twenty cents, if it became necessary to expend such sum to obtain such interest, the interest of all the other children having been obtained before hers was procured. We think Arnold has the right to be reimbursed the amount he was compelled to pay to her to obtain her interest in the lands with legal interest thereon.

Among the errors assigned by appellant are the following: The court erred in making a final decree without making William Carter a party to complainant's bill. Also the court erred in making a final decree without making Jacob Steiger a party to complainant's bill.

It appeared in the evidence offered on the hearing that Robbins, before the commencement of this suit, sold and conveyed portions of the land embraced in the trust deed to Jacob Steiger and William Carter. They were not made parties to this proceeding and were necessary parties.

In Hopkins et al. v. Roseclare Lead Co. 72 Ill. 373, it was held: "It is the duty of complainant to see and know that he has before the court all necessary parties or his decree will not be binding. It is the policy of the law to prevent a multiplicity of suits, and where the rights of all persons may be settled in one suit, the parties should not be harassed by other proceedings," and in such a case for the want of proper parties the decree will be reversed.

We think these errors are well assigned and for these errors the decree must be reversed and the cause remanded with leave to appellee to amend his bill and for further proceedings.

Decree reversed.